UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

David R. Salgado,
and other similarly
situated individuals,

    Plaintiff(s),

v.

The Dfass Group (Orlando), LLC,
JJack Family Office LLC,
Bernard Klepach, and Juliette Klepach,
individually,

    Defendants,
_____/

## COMPLAINT

Comes now the Plaintiff, David R. Salgado, by and through the undersigned counsel, by and through the undersigned counsel, and hereby sue Defendants The Dfass Group (Orlando), LLC, JJack Family Office LLC, Bernard Klepach, and Juliette Klepach, individually, and alleges:

Introduction

This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Defendants interfered with Plaintiff's rights to take an FMLA leave. Defendants terminated Plaintiff's employment because he was about to initiate proceedings to take an FMLA leave to take care of a serious medical condition of his son.

Jurisdiction Venues and Parties

Page **1** of 17

1. This is an action for damage whose amount exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, attorney's fees, and costs.

2. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 USC §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Dade County, within the jurisdiction of this Honorable Court.

3. Plaintiff E David R. Salgado is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

4. Defendant The Dfass Group (Orlando), LLC (from now on, The Dfass Group, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Dade County within this Honorable Court Jurisdiction. Defendant was the Employer of Plaintiff and others similarly situated within the meaning of the FMLA, 29 USC § 2611(4). Defendant was and is engaged in interstate commerce.

5. Defendant JJack Family Office LLC (from now on JJack Family Office, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Dade County within this Honorable Court Jurisdiction. Defendant was the Employer of Plaintiff and others similarly situated within the meaning of the FMLA, 29 USC § 2611(4). Defendant was and is engaged in interstate commerce.

6. The individual Defendants, Bernard Klepach and Juliette Klepach, were and are now the owners/partners/officer and directed operations of The Dfass Group and JJack Family Office. Accordingly, these individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of the FMLA, 29 USC § 2611(4)(A)(ii)(I).

7. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §825.106, Corporate Defendants The Dfass Group and JJack Family Office are an integrated enterprise and joint employers of Plaintiff.

8. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

Allegations Common to all Counts

9. Plaintiff David R. Salgado is a 52-year-old qualified male, member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

10. Defendants The Dfass Group and JJack Family Office are duty-free and specialty store retailers directed to travelers and travel-related needs.

11. Pursuant to 29 U.S.C. § 825.104 (c)(2), Defendants The Dfass Group and JJack Family Office were an integrated enterprise because: 1) existed common ownership and management; 2) Corporate Defendants have the same or related business activities; 3) both companies shared offices; 4) between Defendants existed unified operation and common control, and they operated as a single unit; 5) both companies shared centralized management, equipment, and supplies 6) Defendants, through their owners/managers Bernard Klepach and Juliette Klepach, had equal and absolute control over the Plaintiff and other employees; 7) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees; 8) Corporate Defendants had equal power to hire and to fire employees; 9) Bernard Klepach

and Juliette Klepach, owners of The Dfass Group and JJack Family Office personally supervised Plaintiff's schedules, and times records.

12. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants The Dfass Group and JJack Family Office are an integrated enterprise and joint employers of Plaintiff, as defined in 29 U.S.C. § 825.104 (c)(2).

13. Defendants The Dfass Group and JJack Family Office, hereinafter, will be called The Dfass Group, collectively.

14. Defendant, The Dfass Group, operates duty-free specialty stores. Defendant has facilities located at 555 NE 185 Street, Miami, Florida 33179.

15. Defendant, The Dfass Group, is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered employer within the meaning of the FMLA.

16. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach employed Plaintiff David R. Salgado from approximately November 01, 2013, to October 11, 2022, or almost nine years.

17. Plaintiff was hired as a full-time driver/messenger, working 40 hours weekly. At the time of her termination, Plaintiff's wage rate was $20.00 an hour.

18. Throughout his employment with Defendants, Plaintiff performed his duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

19. On or about September 15, 2022, Plaintiff requested his Manager, Christopher Molina, three weeks as vacation time to take care of his son, who has a serious health condition. Plaintiff explained that his son would be having cancer surgery soon. However, the manager stated that he could not approve the leave and that owner Juliette Klepach had to approve it. Plaintiff continued asking Manager Christopher Molina for an answer, and the manager continued evading a straight answer to Plaintiff.

20. On or about September 29, 2022, Plaintiff texted owner Juliette Klepach requesting time off, but she did not answer.

21. On or about October 03, 2022, Plaintiff talked to the accountant, Natasha LNU, who sent Plaintiff to speak with his Manager Christopher Molina. Plaintiff talked to the manager again and told him about the urgency of his request. Plaintiff told the manager that the cancer surgery for his son was already scheduled.

22. On or about October 05, 2022, Manager Christopher Molina prepared a "Vacation Request Form" with a leave date of November 01, 2022, and a return date of November 22, 2022. Plaintiff e-mailed the form to the accountant, who stated that the form was not signed by the manager.

23. On or about October 11, 2022, Plaintiff went back to talk to Manager Christopher Molina and requested his signature. The manager stated that he would sign the form later. Plaintiff continued working until his shift was over.

24. The same day, on or about October 11, 2022, after work, Plaintiff went home and received an e-mail from Manager Christopher Molina. The manager informed Plaintiff that he was fired "for failure to perform."

25. On or about October 12, 2022, Plaintiff called Manager Christopher Molina and asked him the reasons for his termination. The manager told Plaintiff that he could not give him any information and told him to contact Evelyn Michell from HR. Plaintiff insisted and asked the manager why did he write "Failure to Perform" the manager stated that he did not know why and that it was just the only thing he could think of. Plaintiff called HR Evelyn Michell, but he could not talk to her.

26. The next day, October 13, 2022, HR Evelyn Michell called Plaintiff to inform him that he would be paid for the hours worked. Plaintiff asked Evelyn Michell for the reasons for his termination after almost nine years of loyal service. HR Evelyn Michell stated that the decision did not come from her department and told Plaintiff to ask his manager.

27. On or about September 15, 2022, Plaintiff provided Defendants with sufficient information to identify that an FMLA leave was appropriate. Plaintiff notified responsible individuals about his need for an FMLA leave.

28. However, Defendants did not notify Plaintiff about his eligibility status and rights and responsibilities under the FMLA. Defendants did not inform Plaintiff that he was a qualified employee to take a protected FMLA leave that would enable him to take care of the serious health condition of his son and continue enjoying the benefits of his employment. Instead, Defendants fired Plaintiff.

29. On or about September 15, 2022, Plaintiff engaged in statutorily protected activity when he gave information about the need for an FMLA leave to take care of his son's serious health condition.

30. As a direct result of Plaintiff's protected activity, Defendant fired Plaintiff on or about October 11, 2022.

31. Defendants failed to notify Plaintiff about his eligibility status and rights and responsibilities under the FMLA. Defendant did not inform Plaintiff that he was a qualified individual to take an FMLA leave. Instead, Defendants fired Plaintiff.

32. Therefore, on or about October 11, 2022, Plaintiff was wrongfully terminated, and his rights under the provisions of the Family Medical Leave Act were violated.

33. Defendants are subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to the FMLA leave. However, Defendants interfered with Plaintiff's protected rights under the FMLA. Defendants, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing him from obtaining the benefits of an FMLA-protected leave and then continuing his job in his original position or an equivalent position.

34. Defendants willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

35. As a direct and proximate cause of Defendants' willful, wanton, and malicious acts described above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

36. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act, and any other remedy, as allowable by law.

## COUNT I:
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993; INTERFERENCE WITH FMLA RIGHTS

37. Plaintiff David R. Salgado re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-36 above as if set out in full herein.

38. This is an action against corporate Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

39. At all times relevant and material, Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach are Employers under the FMLA, as defined in 29 USC § 2611(4). Defendants were always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

40. Plaintiff David R. Salgado is a qualified male member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

41. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach employed Plaintiff David R. Salgado as a non-exempted, full-time employee from approximately November 01, 2013, to October 11, 2022, or almost nine years.

42. Plaintiff was hired as a full-time driver/messenger. At the time of his termination, Plaintiff's wage rate was $20.00 an hour.

43. At all times material, Plaintiff was qualified to perform his job as a driver/messenger within the legitimate expectations of his Employer.

44. Plaintiff had worked for The Dfass Group for more than 1,250 hours in the 12 months preceding his need for medical leave.

45. Plaintiff David R. Salgado was an eligible employee under the FMLA's protective provisions.

46. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach were Employers as defined by the FMLA.

47. Plaintiff was entitled to a leave under the FMLA to take care of his son's serious health condition.

48. On or about September 15, 2022, Plaintiff requested his Manager, Christopher Molina, three weeks as vacation time to take care of his son, who has a serious health condition. Plaintiff explained that his son would be having cancer surgery soon. The manager stated that he could not approve the leave and that owner Juliette Klepach had to approve it. Plaintiff continued asking Manager Christopher Molina for an answer, and the manager continued evading a straight answer to Plaintiff.

49. On or about September 29, 2022, Plaintiff texted owner Juliette Klepach requesting time off, but she did not answer.

50. On or about October 03, 2022, Plaintiff talked to the accountant, Natasha LNU, who sent Plaintiff to speak to his Manager Christopher Molina. Plaintiff talked to the manager again and told him about the urgency of his request. Plaintiff told the manager that the cancer surgery for his son was already scheduled.

51. On or about October 05, 2022, Manager Christopher Molina prepared a "Vacation Request Form" with a leave date of November 01, 2022, and a return date of November 22, 2022.

Plaintiff e-mailed the form to the accountant, who stated that the form was not signed by the manager.

52. On or about October 11, 2022, Plaintiff went back to talk to Manager Christopher Molina and requested his signature. The manager stated that he would sign the form later. Plaintiff continued working until his shift was over.

53. The same day, on or about October 11, 2022, after work, Plaintiff went home and received an e-mail from Manager Christopher Molina. The manager informed Plaintiff that he was fired "for failure to perform"

54. Beginning in September 2022, Plaintiff provided Defendants with sufficient information to identify that an FMLA leave was appropriate.

55. Defendants did not notify Plaintiff about his eligibility status and rights and responsibilities under the FMLA. Defendants did not inform Plaintiff that he was a qualified individual to take an FMLA leave to take care of his son's serious health condition and continue enjoying the benefits of his employment with Defendants. Instead, Defendants fired Plaintiff.

56. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach denied Plaintiff FMLA benefits to which he was entitled.

57. Defendants took materially adverse actions against Plaintiff and terminated his employment and benefits because Plaintiff was about to exercise rights protected under FMLA.

58. On or about October 11, 2022, Defendants terminated Plaintiff and deprived Plaintiff of FMLA entitlement by failing to inform him about his rights under the FMLA.

59. Therefore, on or about October 11, 2022, Plaintiff was wrongfully terminated, and his rights under the provisions of the Family Medical Leave Act were violated.

60. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach are subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendants interfered with Plaintiff's rights.

61. 29 US CODE § 2615 states in the pertinent part:

    **a) Interference with rights**
    **(1) Exercise of rights**
    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.
    **(2) Discrimination**

    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

62. Plaintiff was entitled to an FMLA leave. However, Defendants, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing him from obtaining the benefits of the FMLA to take care of his son's serious health condition and then continuing his job in his original position or any equivalent position.

63. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

64. As a direct and proximate cause of Defendants' willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost

wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of his job. These damages have occurred in the past, are occurring at present, and will continue in the future.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff David R. Salgado respectfully requests that this Honorable Court will grant judgment:

A. Finding that Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach's actions towards Plaintiff to be violative of Plaintiff's rights under the FMLA;

B. Awarding Plaintiff David R. Salgado payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendants' willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## Demand for a Jury Trial

Plaintiff David R. Salgado demands a trial by jury of all issues triable as a right by jury.

## COUNT II:
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

66. Plaintiff David R. Salgado re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-36 above as if set out in full herein.

67. This is an action against corporate Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

68. At all times relevant and material, Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach are Employers under the FMLA, as defined in 29 USC § 2611(4). Defendants were at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

69. Plaintiff David R. Salgado is a qualified male member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

70. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach employed Plaintiff David R. Salgado as a non-exempted, full-time employee from approximately November 01, 2013, to October 11, 2022, or almost nine years.

71. Plaintiff was hired as a full-time driver/messenger. At the time of his termination, Plaintiff's wage rate was $20.00 an hour.

72. Plaintiff had worked for Defendants for more than 1,250 hours in the 12 months preceding his need for a medical leave.

73. At all times material, Plaintiff was qualified to perform his job as a driver/messenger within the legitimate expectations of his Employers.

74. On or about September 15, 2022, Plaintiff requested his Manager, Christopher Molina, three weeks as vacation time to take care of his son, who has a serious health condition. Plaintiff explained that his son would be having cancer surgery soon. The manager stated that he could not approve the leave and that owner Juliette Klepach had to approve it.

Plaintiff continued asking Manager Christopher Molina for an answer, and the manager continued evading a straight answer to Plaintiff.

75. On or about September 29, 2022, Plaintiff texted owner Juliette Klepach requesting time off, but she did not answer.

76. On or about October 03, 2022, Plaintiff talked to the accountant, Natasha LNU, who sent Plaintiff to speak to his Manager Christopher Molina. Plaintiff talked to the manager again and told him about the urgency of his request. Plaintiff told the manager that the cancer surgery for his son was already scheduled.

77. On or about October 05, 2022, Manager Christopher Molina prepared a "Vacation Request Form" with a leave date of November 01, 2022, and a return date of November 22, 2022. Plaintiff e-mailed the form to the accountant, who stated that the form was not signed by the manager.

78. On or about October 11, 2022, Plaintiff went back to talk to Manager Christopher Molina and requested his signature. The manager stated that he would sign the form later. Plaintiff continued working until his shift was over.

79. The same day, on or about October 11, 2022, after work, Plaintiff went home and received an e-mail from Manager Christopher Molina. The manager informed Plaintiff that he was fired "for failure to perform"

80. In September 2022, Plaintiff provided Defendants with sufficient information to identify that an FMLA leave was appropriate.

81. On or about September 15, 2022, Plaintiff engaged in statutorily protected activity when he gave information related to the need for an FMLA leave to take care of his son's serious health condition.

82. As a direct result of Plaintiff's protected activity, Defendants fired Plaintiff on or about October 11, 2022.

83. Defendants failed to inform Plaintiff about his rights under the FMLA. Instead, Defendants terminated Plaintiff.

84. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendants terminated Plaintiff's employment.

85. There is a causal link between Plaintiff's protected activity and the adverse action.

86. Plaintiff was wrongfully terminated from his position in retaliation for his ability to exercise his rights under the Act, thereby adversely affecting Plaintiff.

87. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach are subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendants retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in the pertinent part:

    § 825.220 Protection for employees who request a leave or otherwise assert FMLA rights.

    **(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

    **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

88. Plaintiff was entitled to FMLA leave. However, Defendants, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired

Plaintiff, preventing him from obtaining the benefits of FMLA leave of absence to take care of his son's qualified serious health condition, and then continuing his job in his original position or any equivalent position.

89. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for his attempts to exercise substantive rights under the Family Medical Leave Act.

90. As a direct and proximate cause of Defendants' willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

91. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff David R. Salgado respectfully requests that this Honorable Court will grant judgment:

A. Finding that Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach's actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

B. Awarding Plaintiff David R. Salgado payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>Jury Demand</u>

Plaintiff David R. Salgado demands a trial by a jury of all issues triable as a right by jury.

DATE: December 31, 2022

Respectfully submitted,

By: __/s/ **Zandro E. Palma**__
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*